# In the Supreme Court of Pennsylvania.

## MIDDLE DISTRICT.

## SAMUEL SHEETZ *et al. v.* AUGUSTUS W. HUBER *et al.*

Execution was issued upon a joint judgment against several co-defendants, one of whom was in the service of the United States as a soldier, at the time. Upon application the court stayed the writ as to the soldier and a sale of the other defendants' interest was had, and the deed acknowledged. *Held.*

1. That the purchaser took a valid title.
2. That the co-defendants, whose interests were sold, were not within the provisions of the act of 18th April, 1861, which exempted soldiers from civil process, and they can take no benefit or advantage from the provision. -
3. If an execution was forbidden and void as against one defendant it does not follow that it was illegally issued against a co-defendant. Cadmus *v.* Jackson, 2 P. F. S., 295, distinguished.
4. The principle that, "process forbidden by law is void, and a sale under it conveys no title," has no application in this case.

A writ of execution although irregular and erroneous is not necessarily a nullity. The validity of the judgment upon which such executions issued, cannot be questioned in a collateral action, or other manner than by suing out a writ of error or by direct application to the court in which it is entered or from which execution issued, to vacate or set it aside.

**Error to the Common Pleas of Lebanon County.**

Opinion by

WILLIAMS, J. If the plaintiffs' title to the land in controversy was divested by the Sheriff's sale, under which the defendants claim the owner-ship, they were not entitled to recover; and the court below was right in giving a binding direction to the jury to find for the defendants. The execution, on which the sale was made, followed the judgment. It was issued against all the defendants. The court refused to quash the writ, but ordered it to be stayed so far as regards John R. Breitenbach, "it appearing to the court that he is an officer in the United States Army under a requisition of the government." Thereupon the sheriff sold the interests of the other defendants in the land levied on, and acknowledged and delivered a deed therefor to the purchaser.

If the execution was void, the sale was a nullity. But if it was not void the sale divested the plaintiffs' title. Though the writ may have been erroneously issued, if it was not absolutely void, the error was cured by the acknowledgment of the deed, and the purchaser took a valid title under it.

There was nothing on the face of the record showing that the plaintiffs' in the judgment had no right to issue the writ. It may be conceded that it was void as against John R. Breitenbach, because forbidden by the 4th section of the act of 18th April, 1861, P. L. 409, which declares that "no civil process shall issue or be enforced against any person mustered into

the service of this State or of the United States, during the term for which he shall be engaged in such service, nor until thirty days after he shall be discharged therefrom.''

But if it was void as to him, was it void as against his co-defendants? It was not forbidden as against them, either in express terms or by necessary implication. The act must have a reasonable construction ; and in order to ascertain its meaning, regard must be had to the purpose and intent of the legislature in its enactment. Manifestly it was intended for the relief and protection of persons mustered into the service of the State or of the United States for the purpose of aiding in suppressing the rebellion and restoring the union—and it was not intended for the benefit of any other class of persons. Its sole object was to exempt them from civil process while engaged in such service and for thirty days after their discharge. It was intended to prevent their rights and property from being sacrificed while absent from home in the service of the government ; but it was no purpose of the act to exempt their co-obligors or joint debtors from liability to process in the meantime. The exemption was intended as a personal privilege to the soldiers. Why then should the co-defendants of John R. Breitenbach take any benefit or advantage from the provision ?

If the execution was forbidden as against him because he was in the military service of the government, what is that to them, if it was not forbidden as against them ? It is clear that they are not within the letter of the act, for they were not mustered into the service of the State or of the United States ; nor are they within its spirit, for its sole purpose was the protection of the rights and property of the soldier.

If the execution was forbidden and void as against the one defendant, it does not follow that it was illegally issued and void as against the other. The rule that when the judgment is joint the process to enforce it must be also joint, is technical, and has more of form than substance in it; and the court from which the process issues will take care that it be not used so as to work injustice. Mortland *v.* Himes, 8 Barr 265. If the judgment had been against John R. Breitenbach alone, it would unquestionably have been the duty of the court to set aside or quash the execution, but if the court had simply stayed the writ, none but the defendant could have complained or taken advantage of the error ; and if the plaintiffs in the judgment had the right to sue out execution as against the other defendants the court was not bound to quash the writ as regards them, and no injustice was done to John R. Breitenbach by the order staying the execution as to him and refusing to quash it.

This case is clearly distinguishable from Cadmus *v.* Jackson, 2 P. F. Smith 295, upon which the plaintiffs in error rely. There the judgment was not joint but several, and the execution on which the land was sold issued after the defendant's death without any warning to his personal

representatives. It was held that the execution was void because forbidden by the 33rd section of the act of 24th February, 1834, and consequently that the purchaser took no title under it.

The principle upon which the decision rests is this : Process forbidden by law is void and a sale under it conveys no title. But the principle has no application in this case. If the execution as against John R. Breitenbach was void because forbidden by the act of 1861, his interest in the land levied on was not sold, and, therefore, the question, whether a sale under it would have divested his title, does not arise. The question here is, whether the execution as against the other defendants was void and the sale a nullity.

If the judgment in Cadmus *v.* Jackson had been a joint judgment and the writ had been stayed as to the deceased defendant, can there be a doubt that the sale of the surviving defendant's interest in the land would have been good, and that their title would have vested in the purchaser, on the acknowledgement and delivery of the sheriff's deed ?

Where there are several plaintiffs and defendants, and some of them die after final judgment and before execution, upon suggesting the death upon the roll, execution may be sued out by or against the survivors by name, or execution may be sued out by or against the survivors in the names of all, but it can be executed as against the survivors only. 2 Arch. Pr. 294–300 ; 2 Saund. 72 R.

If the plaintiffs in the judgment might have sued out execution against the other defendants upon suggesting the fact that John R. Breitenbach was an officer in the United States Army, as doubtless they might, the execution was not void as to them. If it erroneously issued against all the defendants, because one of them was exempt from process, the error was covered by the order staying the writ as to him, and by the acknowledgment of the sheriff's deed ; and the validity of the proceedings cannot be collaterally questioned in this action. The execution therefore was not void under the act of 18th April, 1861, nor was it void under the prior act of 2d April, 1822, if this act was not superceded and supplied by the act of 1861. There is nothing on the record showing that John R. Breitenbach was called into actual service as an officer or private of the militia under a requisition of the President of the United States, or in pursuance of the orders of the Governor of this Commonwealth. On the contrary the record shows that he was not an officer or private of the militia, but an officer of the United States Army, and if so, he was not within the provisions of the act. But if he was within its provisions and entitled to the exemption from execution and other process for which it provides, it is clear that his co-defendants were not, and there is nothing in the act to prevent execution from issuing on the judgment as against them ; and they cannot complain that the court

·stayed the. writ as against their co-defendant not liable to process if it might lawfully issue as against them. The execution then was not void under either act, and if it was voidable because forbidden as against one of the defendants, the plaintiffs in this action can take no advantage of the error. ' But it is contended that the execution was void because the defendants had obtained an order staying execution on the judgment under the act of 21st May, 1861, P. L. 770, and the execution was issued before the expiration of the stay. But there is nothing on the face of the record showing that the defendants had obtained any such order. On the contrary the record shows• that the defendants had elected to retain the property levied on at the annual valuation fixed upon it by the inquest, and that the plaintiffs were entitled to execution, when the writ was issued in default of payment of the half-yearly installment for more than thirty days after it fell due. It is true that in the case of Waterman, Young & Co. *v.* Breitenbach, Sheetz & Co., the defendents applied for an order staying sundry executions issued against them, of which a list is given, and to which is also appended a list of the judgments which were liens on thieir real estate, including the judgment upon which the land in question was sold ; and upon the hearing of the application the court ordered and directed " that all the writs of Fi. Fa. issued out of the Common Pleas of Schuylkill County against the said defendants be stayed under the provision of act of assembly, of May 21st, 1861. * * * And also that execution do stay on the judgments ." Whether the order was intended to embrace all the judgments which were liens on the defendants' real estate, or only those upon which executions were issued, does not clearly appear. No notice of the application for stay was given to the plaintiffs in the judgment upon which the sale was made, and the defend-. ants did not move the court to set aside the execution on the ground that the judgment was embraced in the order and the stay had not expired. If the order was intended to embrace the judgment, the plaintiffs should have had notice of the application, and the order should have been made part of the record, or some note or memorandum of it should have been entered on the docket.

In the absence of any such entry there was nothing on the record showing that the plaintiffs were not entitled to sue out execution. But if the order of stay was intended to embrace the judgment, the execution was not void.

If the writ issued before the stay expired it was erroneously issued, and would have been set aside by the court on the defendant's application, but it does not follow that it was a nullity ; the most that can be said against it is that it was irregular and erroneous, but if it was, its validity cannot be questioned in this action. Until set aside or reversed it must be regarded and treated as valid ; Stewart *v.* Stocker, 13 S. & R, 199 ;

S. C., 1 Watts, 135 ; Lowber's Appeal, 8 W↓ &. S. 387 ; Wilson *v.* Howser, 2 Jones, 107. There is then, as we have seen, nothing on the record showing that the execution was prematurely issued, and if it did appear that the defendants were entitled to a stay, the validity of the writ cannot be collaterally questioned in this action. As said by Kennedy, J. in Lowber's Appeal: "Where the objection extends no further than that the judgment upon which the execution has been issued has been erroneously entered or obtained, or the execution erroneously issued thereon, no other person than the defendant therein or his legal representatives will be permitted to make it. Nor will they be permitted to do so in a collateral action or other manner than by suing out a writ of error or by making a direct application to the court, in which the judgment is entered, or from which the execution has been issued to vacate or set aside the same. This course is settled by a train of authority in this State, which cannot be contested or resisted." As the execution was not a nullity, it follows that the court rightly instructed the jury that the plaintiffs are not entitled to recover, and consequently their verdict must be in favor of the defendants.

Judgment affirmed.